USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI CHAVEZ-DEREMER, *Secretary of Labor, United States Department of Labor*,

Plaintiff,

-against-

SEBNC QUALITY VENDING SERVICES, INC. ADMINISTRATIVE PENSION FUND,

Defendant.

1:26-cv-796-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On October 14, 2026, counsel for Plaintiff submitted a proposed order to show cause for the issuance of a default judgment for issuance by the Court. Dkt. No. 19 (the "Proposed Order"). Counsel for Plaintiff, Nicole A. Steinberg, submitted a declaration in support of the Proposed Order, Dkt. No. 20 ("Steinberg Decl."), and a memorandum of law, Dkt. No. 21 ("Mem.").[1]

The Court declines to take action on the Proposed Order at this time. The principal relief requested by Plaintiff is the appointment of an "independent fiduciary of the Plan . . . ." Mem. at 5. But nowhere in Plaintiff's application does Plaintiff provide the Court any information about the proposed fiduciary sought to be appointed. In her memorandum of law, Ms. Steinberg writes the following: "As outlined in the supporting affidavit of Nicole Steinberg, EBSA has reviewed several fee proposals from qualified people willing to act as independent fiduciaries for the Plan." Mem. at 5. However, Ms. Steinberg's representation to the Court regarding the content of her affidavit is inaccurate. The declaration submitted by Ms. Steinberg contains no information regarding potential fiduciaries, their qualifications, or their fee proposals. *Compare* Mem. at 5 with Steinberg Decl.

[1] This document was misclassified by counsel when filed as a "Declaration of Memo of law," and described it as related to Dkt. No. 13—a letter request for an extension of time—rather than the application for the issuance of the Proposed Order.

Because Plaintiff's submissions to the Court in support of the Proposed Order are incomplete and counsel's memorandum of law contains an inaccurate statement regarding the record that was presented to the Court, the Court declines to enter the Proposed Order. Counsel for Plaintiff is advised that because her memorandum of law was signed on October 14, 2025, a new memorandum of law must be submitted to the Court to refer to any updated factual submission submitted in support of the Proposed Order. The Court will not construe the October 14, 2026 memorandum of law to refer to an affidavit issued on a later date. The Court anticipates that Plaintiff will submit a new memorandum of law in support of the application, supported by such factual information as is needed to permit the Court to grant the requested relief.

In addition, Plaintiff is directed to revise the form of Proposed Order. The Proposed Order does not contain provisions that counsel typically—and for good reason—include in proposed orders to show cause. Those provisions include a proposal for the date by which the order must be served and deadlines for the filing of any opposition and reply. These provisions are customarily provided to the Court with blanks for the Court to complete. Counsel also include the proposed method of service of the order in accordance with Rule 5 of the Federal Rules of Civil Procedure. To the extent that counsel for Plaintiff is unfamiliar with customary practice with respect to applications for default judgment, many models are available on the Court's docket.

SO ORDERED.

Dated: October 15, 2026
New York, New York

GREGORY H. WOODS
United States District Judge