USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KEITH SONDERLING, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

SEBNC QUALITY VENDING SERVICES, INC. ADMINISTRATIVE PENSION FUND,

Defendant.

No. 26-cv-796

**~~[PROPOSED]~~ ORDER AND JUDGMENT**

**WHEREAS**, this action was filed by Keith Sonderling, Secretary of Labor, U.S. Department of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Secretary by ERISA § 502(a)(2) & 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that violations of ERISA impacting SEBNC Quality Vending Services, Inc. Administrative Pension Fund (the "Plan" or "Defendant") and its participants and beneficiaries;

**WHEREAS**, Defendant was provided with the complaint and waived service;

**WHEREAS**, Defendant has not answered or otherwise appeared in this matter and its default has been noted;

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1);

**WHEREAS**, venue over this action lies in the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2);

a prima facie showing has been made that

**WHEREAS,** this Court has personal jurisdiction over the defendant for all purposes relevant to this matter including the entry of this Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1);

**WHEREAS**, the Secretary now applies for entry of default judgment in this matter, and that application meets the requirements for default judgment; and

**WHEREAS**, no opposition to the Secretary's application has been filed,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Secretary's motion for default judgment is hereby granted and judgment is entered in favor of the Secretary against the Defendant.

2. Metro Benefits, Inc. is appointed as independent fiduciary of the Plan (the "Independent Fiduciary") and shall have exclusive and plenary authority and control over the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, and to take all appropriate action for the distribution of benefits to the Plan's participants and beneficiaries.

3. The Independent Fiduciary is directed to take all appropriate action for distribution of benefits to the Plan's participants and beneficiaries, including: (a) issuing distribution election forms for the Plan participants; (b) processing the election forms when returned by participants; (c) answering participant questions and providing assistance to participants, as needed; and (d) providing routine updates and/or reports to the Secretary on an as-needed basis.

4. The Independent Fiduciary is empowered to instruct the custodians of the Plan's assets and the Plan record keepers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plan's assets. The Independent Fiduciary shall have

full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodian and/or other service providers.

5. Upon completing distribution of the Plan's assets, the Independent Fiduciary shall consider whether termination of the Plan is appropriate, in light of the Plan's governing documents, ERISA, and other applicable federal law. If it determines that termination is appropriate, it will have authority to perform all actions necessary to wind down and terminate the Plan, consistent with the Plan documents and ERISA.

~~6. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions on the basis of fees they claim to be owed relating to the Plan.~~

(6) ~~7~~. Concerning any activities which the Independent Fiduciary performs, the Independent Fiduciary shall be free to consult with the Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

(7) ~~8~~. The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan, not to exceed $3,600.00. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the court to increase this amount.

(8) ~~9~~. The payment of administrative expenses and fees to the Independent Fiduciary, and to its assistants, attorneys, accountants, actuaries and other necessary service providers, shall be considered priority administrative expenses of the Plans superior to any other class of expense

or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plans by its participants and beneficiaries.

9. This Order and Judgment shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the complaint by the Secretary against the Plan.

10. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order and Judgment or enforcement of this Order and Judgment's terms.

**SO ORDERED.**

DATED: November 4, 2026
New York, NY

Gregory H. Woods
United States ~~District~~ Judge